Mr. Willie L. Scott Major General, Tex-ARNG The Adjutant General Camp Mabry — P. O. Box 5218 Austin, Texas 78763
Re: Whether teacher who voluntarily attends military training is entitled to paid leave under article 5765, V.T.C.S.
Dear Mr. Scott:
You have requested our opinion as to whether, under the circumstances set forth below, article 5765, V.T.C.S., affords a public school teacher a right to 15 days of paid military leave from her teaching duties. The employee in question is an enlisted member of the Air National Guard (ANG) who desired a commission in the ANG and applied for acceptance in a six-week ANG pre-commissioning course. She was accepted and orders were issued regarding her attendance. She then applied to her school district for, among other things, 15 days of paid military leave to cover part of the period during which she would be absent from her teaching duties because of the training. The district denied this request on the ground that because she volunteered for the training, she was not entitled to paid military leave.
Article 5765, V.T.C.S., provides in pertinent part as follows:
 Section 7. (a) All . . . employees . . . of any . . . political subdivision . . . who shall be members of the State Military Forces, or members of any of the Reserve Components of the Armed Forces, shall be entitled to leave of absence from their respective duties without loss of . . . salary on all days during which they shall be engaged in authorized training or duty ordered or authorized by proper authority, for not to exceed fifteen (15) days in any one calendar year. (Emphasis added).
In Attorney General Opinion MW-240 (1980), we held that because article 5765 entitles a teacher to a leave of absence without loss of salary on days during which he is engaged in military duty, not to exceed 15 days in a calendar year, a teacher who is so engaged may not be required to pay for a substitute employed by the school district during that time. The opinion did not differentiate between instances in which a teacher is ordered to perform military duty and those in which he volunteers for duty.
In our view, the answer to your question depends entirely upon the construction placed upon the underlined portion of article 5765. It is well established that statutory language will be given literal effect when it is unambiguous and it embodies a definite meaning, and when there is nothing which indicates that the legislature meant anything other than what it apparently said. Brazos River Authority v. City of Graham, 354 S.W.2d 99
(Tex. 1961). We think this rule is clearly applicable here. We therefore reach the following conclusions: (1) an employee's right to a leave of absence does not depend upon whether the employee voluntarily requests military training or duty, but exists if the training or duty is ordered or authorized by proper authority; (2) `proper authority' refers to those with the requisite authority to order or authorize members of the state military forces or the reserve components of the armed forces to engage in authorized military training or duty.
A copy of the orders which was submitted with this opinion request indicates that these orders were issued by a representative of the Adjutant General on his behalf. In our opinion the Adjutant General is unquestionably a `proper authority' within article 5765. Accordingly, because in this instance the military training was ordered and authorized by proper authority, we conclude that the employee is entitled to a paid leave of absence from her teaching duties for not to exceed 15 days per calendar year.
 SUMMARY
Article 5765, V.T.C.S., affords a public school teacher the right to a leave of absence from teaching duties without loss of salary on days during which the teacher is engaged in authorized military training or duty which is ordered or authorized by proper authority, not to exceed 15 days in any one calendar year, without regard to whether the employee voluntarily requests the training or duty. The Adjutant General is a `proper authority' within article 5765.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Jon Bible Assistant Attorney General